IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAWNN NAHKAHYEN-CLEARSAND,<br><br>              Plaintiff,<br><br>    vs.<br><br>LINCOLN REGIONAL CENTER, A State Psychiatric Hospital; DENNIS CONNELLY, Dr. - In their Individual and Official Capacities; and THERESA HANSEN, RN - In their Individual and Official Capacities;<br><br>              Defendants. | 4:17CV3074<br><br>MEMORANDUM AND ORDER |

      Plaintiff filed a Complaint on June 19, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) Upon initial review, the court informed Plaintiff of the specific deficiencies in his allegations and allowed him 30 days to file an amended complaint that states a claim upon which relief may be granted. (Filing No. 6.) The court dismissed Plaintiff's § 1983 claims for monetary relief against Defendants in their official capacities because they are barred by the Eleventh Amendment. (*Id.*) Now, the court reviews Plaintiff's Amended Complaint. (Filing No. 7.)

      The allegations in Plaintiff's Amended Complaint are nearly identical to those in his Complaint, with three exceptions. First, Plaintiff attached his "Master Treatment Plan Update" to his Amended Complaint. (Filing No. 7 at CM/ECF pp. 12-13.) The document shows that Plaintiff has been diagnosed with mental illness and medical issues, including a "short term problem of right foot fracture," during his time at the Lincoln Regional Center. Second, Plaintiff makes allegations about the lack of response to his pain, but admits that he had Tylenol. (*Id.* at CM/ECF pp.

5-6.)[1] Finally, he dismisses the "issue of loss of job" because he cannot show that the program or activity from which he was allegedly excluded receives federal financial assistance. (*Id.* at CM/ECF p. 7.) The court finds that Plaintiff's allegations continue to fail to state a claim against Defendants for the reasons set forth in the court's Memorandum and Order on initial review ([Filing No. 6](#)).

In his previous case[2] against Defendants, the court informed Plaintiff of many of the same deficiencies repeated to Plaintiff in this case. Because of his previous case and the opportunity for amendment in that case, the court warned Plaintiff that it would dismiss this case with prejudice pursuant to [Federal Rule of Civil Procedure 41(b)](#) if he failed again to state a plausible claim in an amended complaint.[3] Accordingly,

---

[1] Plaintiff's allegations are (1) on August 8, 2016, he saw Dr. Connelly and "[n]othing [was] done for [his] pain"; (2) on August 12, 2016, he explained to Hansen that he was having pain and that Tylenol did not work, and she told him it was up to Dr. Connelly; and (3) on August 13, 2016, he asked Hansen "if something could be done for the pain," and she told him that Dr. Connelly said to wait until he saw Dr. Bozart on August 16th. ([Filing No. 7 at CM/ECF pp. 5-6](#).)

[2] *See Nahkahyen-Clearsand v. Department of Health & Human Services et al.*, Filing No. 8, Case No. 8:17-cv-00043 (D. Neb. 2017). The Lincoln Regional Center, the current defendant, operates under the Department of Health and Human Services.

[3] *See [Link v. Wabash R.R. Co.](#), 370 U.S. 626, 630 (1962)* ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted ... It has been expressly recognized in [Federal Rule of Civil Procedure 41(b)](#)."). *See also [Beck v. LaFleur](#), 257 F.3d 764 (8th Cir. 2001)* ("Because Beck failed to follow the district court's detailed and explicit directions on how to cure his initial complaint and because the substance of his allegations in the amended complaint are nearly identical to his initial complaint, we hold that dismissal with prejudice was appropriate.").

IT IS THEREFORE ORDERED that:

1. This case is dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and for failure to prosecute and/or obey the court's orders pursuant to Federal Rule of Civil Procedure 41(b).

2. A separate judgment will be entered.

Dated this 19th day of September, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge